UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
          :
POP TOP CORP.,          :
          :
         Plaintiff,    :
          :          20-CV-6598 (VSB)
      -against-    :
          :          **OPINION & ORDER**
          :
NOOK DIGITAL, LLC,          :
          :
         Defendant.   :
          :
------------------------------------------------------------X

Appearances:

Matthew M. Wawrzyn
Wawrzyn LLC
Chicago, Illinois
*Counsel for Plaintiff*

Dana Erin Berkowitz
Elizabeth Brannen
Stris & Maher LLP
Gardena, California
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Before me is the motion for judgment on the pleadings made by Defendant Nook Digital, LLC ("Nook Digital") as to Count 1 of the Amended Complaint asserting a claim of patent infringement filed by Plaintiff Pop Top Corp. ("Pop Top" or "Plaintiff"). Because I find that Pop Top has failed to allege facts showing that Nook Digital utilizes all the necessary steps of the method protected by the patent at issue in Count 1 of the Amended Complaint, Nook Digital's motion for judgment on the pleadings is GRANTED.

1

I.      **Relevant Factual Background**[1]

Pop Top is the exclusive owner of U.S. Patent No. 7,966,623 (the "'623 Patent").[2] (Am. Compl. ¶ 11.)[3] The '623 Patent is titled "Method and Apparatus for Enabling Highlighter Servicers for Visitors to Web Pages." ('631 Patent 1.) It includes the following diagram:



FIG. 2

---

[1] The following facts are taken from the Amended Complaint, which I assume to be true for the purposes of this Opinion & Order, as well as from other materials properly considered at this stage of this action. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

[2] The 623 Patent is on file with the Court. (Doc. 31-1).

[3] "Am. Compl." refers to the Amended Complaint filed in this action. (Doc. 22.)

('623 Patent 3.)  The '623 Patent was issued for a single claim of

> [a] computer-implemented method, comprising:
>
> [("Step 1")] at a content server, receiving a request for an internet document from a client web browser;
>
> [("Step 2")] serving the internet document from the content server to the client web browser, wherein the internet document includes code for invoking a highlighting service to operate with the internet document, the highlighting service hosted at a highlighting service server which is different than the content server hosting the internet document and the code causing a user interface object for invoking the highlighting service to be displayed by the client web browser in connection with the internet document;
>
> [("Step 3")] responsive to a user selecting the user interface object in the client web browser, the client web browser communicating a request to the highlighting service server to invoke the highlighting service;
>
> [("Step 4")] responsive to the request to invoke the highlighting service, the highlighting service server enabling the highlighting service for the internet document;
>
> [("Step 5")] responsive to the highlighting service being enabled for the internet document, displaying in the client web browser tools for highlighting text and objects of the internet document, said tools represented in a highlighter tool panel in the client web browser and said tools configured to provide the user with a selection of controls enabling various features and functions of the highlighting service; and
>
> [("Step 6")] responsive to the user highlighting an object in the internet document, communicating the highlighted object or portions thereof to the highlighting service server for storage in such a manner as to be associated with the user

('623 Patent 8.)[4]

"Nook owns and operates the Nook application (the 'App')."  (Am. Compl. ¶ 14.)  The App "may be downloaded to and run on a user's" device, such as an "iPhone."  (*Id.*)  A user of the App may then "access reading material within the App."  (*Id.*)  Pop Top avers, among other

---

[4] I will refer back to the various Steps of the '623 Patent later in this Opinion & Order.

3

things, that: (1) "[t]he App running on the iPhone is a 'web browser,'" (*id.*); (2) the App "include[s] software and interfaces to communicate with servers" from which a user may "download . . . a book" to the device that runs the App; (3) "[t]he book is served . . . with executable code to invoke a highlighting service," (*id.* ¶ 15); and (4) "[t]he App" itself "includes a highlighting service hosted by a highlighting server," (*id.* ¶ 16).[5]

## II. Relevant Procedural History

Pop Top commenced this action on August 18, 2020, by filing a complaint asserting a single count of infringement of the '623 Patent by former Defendant Barnesandnoble.com LLC ("Dot Com"). (Doc. 1.) After receiving extensions of time, Dot Com filed an answer on February 18, 2021, in which it stated that Dot Com no longer exists and that the relevant entity is Nook Digital. (Doc. 17). On February 19, Dot Com filed a motion for judgment on the pleadings and supporting papers. (Docs. 17–20.) On March 5, 2021, Pop Top filed its Amended Complaint against Nook Digital, in which it asserts two counts of patent infringement: one concerning the '623 Patent, and the other concerning a separate patent not relevant to this motion. (Doc. 22.)

On March 13, 2021, I granted a motion to change the name of the Defendant from Dot Com to Nook Digital under Federal Rule of Civil Procedure 21. (Doc. 27.) On April 2, 2021, Nook Digital filed an answer, a motion for judgment on the pleadings as to Pop Top's claim of infringement over the '623 Patent, and papers in support of that motion. (Docs. 28–31.). On April 16, Pop Top filed a brief in opposition to Nook Digital's motion. (Doc. 32.) On April 23, 2021, Nook Digital filed its reply brief. (Doc. 33.)

---

[5] I assess these and other allegations from the Amended Complaint below.

### III.   Legal Standard

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  In deciding a motion for judgment on the pleadings, a district court must "employ the same standard applicable to Rule 12(b)(6) motions to dismiss." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015).  This means "[a]ccepting the non-moving party's allegations as true and viewing the facts in the light most favorable to that party," and granting judgment on the pleadings "if the moving party is entitled to judgment as a matter of law." *Richards v. Select Ins. Co.*, 40 F. Supp. 2d 163, 165 (S.D.N.Y. 1999) (internal quotation marks omitted).  A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

Under Rule 12(c), a party is entitled to judgment on the pleadings "only if it has established that no material issue of fact remains to be resolved." *Juster Assocs. v. City of Rutland*, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted); *see Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (noting that judgment on the pleadings "is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings"). "On a [Rule] 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" *L-7 Designs,*

*Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

    **IV.**    <u>**Discussion**</u>

        **A.**  *Applicable Law*

A court must undertake a two-step process when analyzing a claim for patent infringement: "the first step is determining the meaning and scope of the patent claims asserted to be infringed" and "[t]he second step is comparing the properly construed claims to the device accused of infringing." *Ottah v. BMW*, 230 F. Supp. 3d 192, 196 (S.D.N.Y. 2017) (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995)). With respect to allegations of direct infringement of a method patent, a plaintiff must plead and ultimately prove that the defendant has "performed or used each and every step or element of a claimed method." *See Lyda v. Fremantle Media N. Am., Inc.*, No. 10 Civ. 4773(DAB), 2012 WL 957498, at *2 (S.D.N.Y. Mar. 8, 2012) (quoting *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed Cir. 2007)); *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) ("A method patent claims a number of steps; under this Court's case law, the patent is not infringed unless all the steps are carried out."). "Indirect infringement claims likewise require a finding that some party amongst the accused actors has committed the entire act of direct infringement." *Lyda*, 2012 WL 957498, at *2 (internal quotation marks omitted).

The pleadings in patent infringement cases are treated like all those governed by Federal Rule of Civil Procedure 8. *See generally Iqbal*, 556 U.S. 662; *Steven Madden, Ltd. v. Yves Saint Laurent*, 18-CV-7592 (VEC), 2019 WL 2023766, at *4 (S.D.N.Y. May 8, 2019) (explaining that the prior notice pleading standard used in patent cases owing to now-abrogated Federal Rule of Civil Procedure 84 is no longer good law). Therefore, a plaintiff alleging infringement of a method patent must plausibly allege that a defendant has "performed or used each and every step

6

or element of a claimed method." *See Lyda,* 2012 WL 957498, at *2.

### B. *Application*

It is abundantly clear that Pop Top does not allege that Nook Digital's App infringes the particular method patented by the '623 Patent. To do so, Pop Top would have to allege that the App utilizes "all the steps" the '623 Patent sets forth. *Limelight*, 572 U.S. at 921. It does not.

Step 2 of the '623 Patent relates to a client receiving an "internet document from the content server to the client web browser, wherein the internet document includes code for invoking a highlighting service to operate with the internet document," but specifically this "highlighting service [is] hosted at a highlighting service server which is different than the content server [that] host[s] the internet document[,] and the code caus[es] a user interface object for invoking the highlighting service to be displayed by the client web browser . . . ." ('623 Patent 8.) Pop Top alleges that e-books downloaded to the App contain "executable code to invoke a highlighting service." (Am. Compl. ¶ 15). However, in the next paragraph it contradicts this allegation, pleading that it is the App, not the e-book downloaded through the App, that "includes a highlighting service hosted by a highlighting server." (*Id.* ¶ 16.) This inconsistency by itself belies any claim by Pop Top that the App utilizes all the steps the '623 Patent sets forth. Moreover, even setting this contradiction aside, Pop Top nowhere alleges that it is the highlighting code downloaded with the e-book that causes "a user interface object for invoking the highlighting service to be displayed by the client web browser." ('623 Patent 8.) Indeed, Pop Top alleges that the "App includes a . . . tool" that "allows" a user "to highlight portions of the text," (Am. Compl. ¶ 16), which means the required user interface object is

generated by code native to the App, not by a code downloaded with the e-book.[6]  Accordingly, Pop Top alleges that the App's highlighting feature works by some method other than what is protected by the '623 Patent.  This is fatal to Pop Top's claim of infringement in Count 1 since the '623 Patent only provides Pop Top with legal protections for the precise method set forth in it.  *See Limelight*, 572 U.S. at 921.

Pop Top also fails to allege that the App utilizes Step 6 of the '623 Patent, which requires that, in "respons[e] to the user['s] highlighting an object in the . . . document," the App must "communicat[e] the highlighted object . . . to the highlighting service for storage . . . to be associated with the user who generated" it.  (*See* '623 Patent 8.)  Pop Top does not allege that highlights are stored on the highlighting server, but only that they "are stored on the backend and associated with the user's account."  (Am. Compl. ¶ 18.)  The '623 Patent is particular about the servers on which each of its Steps take place, *see supra* at 2–3, and Pop Top does not allege that the App saves information about highlighting to a highlighting service server, as opposed to the "content server" mentioned in Steps 1 and 2, or to some separate server not mentioned in the

---

[6] Because Pop Top's allegations, even if accepted as true, fail to state a claim for infringement of the '623 Patent, I need not opine on the sheer implausibility of the notion that each and every e-book downloaded to the App contains a copy of the same executable highlighting code, (*see* Am. Compl. ¶ 15), which is an appropriate matter for me to consider, *see Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense.").  Simply put, the allegation strains credulity:  if each and every e-book downloaded to the App can be highlighted, then it would be grossly inefficient for the highlighting code to be redownloaded each time a new e-book is downloaded, rather than simply including that code in the App in the first place.  If this allegation were true, it would mean that Nook Digital is paying for server space and bandwidth for countless transmissions of the same piece of code.  Pop Top's own pleadings make this allegation all the more implausible, as it avers elsewhere that it is "[t]he App," and not the e-book, that "includes a tool . . . to highlight portions of the text."  (Am. Compl. ¶ 26.)

Furthermore, the App that Pop Top alleges uses the '623 Patent, (*id*. ¶¶ 14–15), can be used to read "ePub and PDF files" loaded directly onto a device running the App, and not merely files delivered from a server controlled by Nook.  NOOK Reading Apps – Frequently Asked Questions, https://nook.barnesandnoble.com/u/nook-reading-apps-frequently-asked-questions-faq/379003551 (last accessed Jan. 19, 2022) (explaining how one can "side load . . . files into [the Nook] app").  For these sideloaded files, it would be impossible for the App to utilize the '623 Patent to highlight them:  they are neither "serv[ed] . . . from [a] content server" as Step 2 requires, nor could Nook Digital make sure that these sideloaded files—which they do not control—included the required highlighting code.

'623 Patent at all. In fact, Plaintiff does not describe what is meant by "stored on the backend" nor does Plaintiff state that the storage takes on a server let alone to a "highlighting service."

### V.     Conclusion

For the foregoing reasons, Nook Digital's motion for judgment on the pleadings is GRANTED. Pursuant to Local Patent Rule 11, within 28 days of entry of this Opinion & Order, the parties shall file a Joint Claim Terms Chart regarding the patent allegedly infringed in the remaining count of Pop Top's Amended Complaint.

The Clerk of Court is respectfully directed to terminate the open motions at document numbers 18 and 29.

SO ORDERED.

Dated:  January 21, 2022
        New York, New York

                                              *[signature: Vernon Broderick]*
                                              Vernon S. Broderick
                                              United States District Judge