UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x

POP TOP CORP.,

    Plaintiff,

    v.

NOOK DIGITAL, LLC,

    Defendant.

-----------------------------------------------------x

Case No. 1:20 cv 06598 (VSB)

**Memorandum of Law in Support of Plaintiff's Motion for an Order Holding 22 June 2006 as the Priority Date of U.S. Patent No. 10,866,713**

    Rohit Chandra filed a provisional patent application on June 22, 2006.  One year later, on June 21, 2007, Mr. Chandra filed Ser. No. 11/766,786, which claimed priority to the provisional patent application and issued as U.S. Patent No. 8,910,060 (the "'060 Patent").  In his 2007 June 21 application that would mature into the '060 Patent, Mr. Chandra stated as follows: "The present application claims the benefit of the filing date of the U.S. Provisional Patent Application with Ser. No. 60/815,467, filed on Jun. 22, 2006, the contents of which is incorporated herewith."  ('060, col. 1:9-12, POPTOP073.)[1]

    The patent-in-suit is U.S. Patent No. 10,866,713 (the "'713 Patent").  Not only does the '713 Patent claim priority back to the 2006 June 22 provisional patent application.  ('713, col. 1:14-20, POPTOP099.)  The chain leading back to the 2006 June 22 priority date is unbroken— the '713 Patent and the '060 Patent share the same written description.

    Attached hereto is "Exhibit A," which includes the '060 Patent, the '713 Patent, and a comparison of the '060 Patent to the '713 Patent.

---

[1] Pop Top submits a declaration collecting the intrinsic evidence that would support an order holding the '713 Patent's priority date is June 22, 2006.  The declaration and attachments bear Bates numbers POPTOP001-125.

Nook without any basis whatsoever asserts that the '713 Patent has a 2019 March 14 priority date.  First, a comparison shows that Nook is simply wrong.  Mr. Chandra added no new matter to the '713 Patent.  Second, the patent office allowed the '713 Patent claims *without any rejections based on 35 U.S.C. § 112(1)*.

In short, without pointing to any new matter, Nook utterly fails its burden.  The Patent Act requires that the challenger produce clear-and-convincing evidence that the patent examiner failed to perform his job correctly.  Here, in fact, the intrinsic record amply supports that the examiner correctly determined that the '713 Patent's written description—as stated in the '060 Patent—teaches the artisan of ordinary skill that Mr. Chandra was in possession of the invention claimed in the '713 Patent as of June 22, 2006.

Pop Top requests that the Court enter an order holding that each claim of the '713 Patent is entitled to a 2006 June 22 priority date.

## Argument

I.      **The '713 Patent's priority date is June 22, 2006.**

Nook lacks any basis to assert that the priority date of the patent-in-suit is anything other than June 22, 2006.

Factually, Nook is obviously wrong.  Nook in conclusory fashion asserts that the application that matured into the '713 Patent added new matter.  (Ex A ¶ 2; *see* POPTOP007.)  A comparison of the '060 Patent to the '713 Patent shows that Nook is mistaken.  (*Id.* ¶ 10; *see* POPTOP110-125.)

Legally, Nook also lacks a foundation to establish a later priority date.  "If an Examiner determines that an amended claim recites elements without support in the parent disclosure, the

proper basis of rejection is 35 U.S.C. § 112, first paragraph." *Waldemar Link v. Osteonics Corp.*, 32 F.3d 556, 559 (Fed. Cir. 1994).  "All rejections previously made and not continued in the final rejection are considered as withdrawn." *Paperless Accounting, Inc. v. Bay Area Rapid Transit System*, 804 F.2d 659, 663 (Fed. Cir. 1986).

Here, the examiner issued a section 112(1) rejection for the '060 Patent claims, finding that the written description lacked teaching sufficient to meet the enablement requirement.  (Ex. ¶ 4; *see* POPTOP012.)  This rejection was ultimately overcome.  The '060 Patent issued after the examiner amended the claims.  (*Id.* ¶ 6; *see* POPTOP039-42.)  The patent-in-suit had no section 112 rejections.  (*Id.* ¶ 7.)  Moreover, the '713 Patent also issued after an examiner's amendment. (POPTOP047-54.)  In other words, with respect to the '060 Patent and the '713 Patent, the examiner, who is charged with knowledge of the prior art and the rules and regulations governing patent allowance, amended the claims in order to put the claims in a condition for allowance.

"A patent shall be presumed valid" and "[t]he burden of establishing invalidity of a patent *or any claim thereof* shall rest on the party asserting invalidity."  35 U.S.C. § 282 (emphasis added).

"Congress has set forth the prerequisites for issuance of a patent, which the PTO must evaluate in the examination process.  To receive patent protection a claimed invention must, among other things, fall within one of the express categories of patentable subject matter, § 101, and be novel, § 102, and nonobvious, § 103."  *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 96 (2011). "In evaluating whether these and other statutory conditions have been met, PTO examiners must make various factual determinations . . . ."  *Id.*  "We consider whether § 282

requires an invalidity defense to be proved by clear and convincing evidence. We hold that it does." *Id.; see also Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018) ("The question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact. Any fact, such as this one, that is pertinent to the invalidity conclusion must be proven by clear and convincing evidence.").

      Section 282 has concrete application in this case. Here, the examiner amended the '713 Patent claims, putting the claims in a condition for allowance. (Ex. ¶ 7; POPTOP047-54.) "Actions by PTO examiners are entitled to appropriate deference as official agency actions, for the examiners are deemed to be experienced in the relevant technology as well as the statutory requirements for patentability . . . ." *Nature Simulation Sys. Inc. v. Autodesk, Inc.*, 23 F. 4th 1334, 1343 (Fed. Cir. 2022)  The amendments that the examiner made—which are factual assessments of what subject matter was patentable—deserve attention on this transparent attempt by Nook to override the U.S. patent office determination and invalidate the '713 Patent. *Tinnus Enterprises, LLC v. Telebrands Corp.*, 733 Fed Appx. 1011, 1120 (Fed. Cir. 2018) ("The examiner's own remarks confirm that the claim language informs a person of ordinary skill of the objective boundaries of the claim term. Additionally, we presume that an examiner would not introduce an indefinite term into a claim when he/she chooses to amend the claim for the very purpose of putting the application in a condition for allowance. *See Northern Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 939 (Fed. Cir. 1990) ("It is presumed that public officials do their assigned jobs").").

Nook needs clear-and-convincing evidence to overcome and set aside the patent examiner's determination that the '713 Patent enjoys a 2006 June 22 priority date. Yet, Nook's position is supported only by its false assertion— that '713 Patent includes new matter. Nook declines to support its assertion of new matter with any analysis of the '713 Patent. (Ex. A ¶ 2.)

### Conclusion

Pop Top requests that the Court enter an order holding that each claim of the '713 Patent is entitled to a 2006 June 22 priority date.

Date: March 18, 2022

Respectfully Submitted,

/s/ Matthew M. Wawrzyn
Matthew M. Wawrzyn (admitted *pro hac vice*)
matt@wawrzynlaw.com
WAWRZYN LLC
200 Randolph Street, Suite 5100
Chicago, IL 60601
(312) 235-3120 (telephone)
(312) 233-0063 (facsimile)

*Counsel for Pop Top Corp.*