UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
POP TOP CORP.,                                              :
                            Plaintiff,                      :
                                                            :
            -against-                                       :        20-CV-6598 (VSB)
                                                            :
NOOK DIGITAL, LLC,                                          :        **ORDER**
                            Defendant.                      :
------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

  On February 18, 2022, I granted the parties' joint letter motion requesting a briefing schedule to resolve what they described as "the threshold issue of the priority date of the remaining patent-in-suit . . . ." (Doc. 39.) The parties indicating that Defendant believed that determining the priority date could "potentially dispose of the remaining issues in this case." (*See id.* at 1.) The parties requested that Plaintiff would file a moving brief to establish a particular priority date and that Defendant would thereafter file an opposition brief. (*Id* at 1–2.) The parties subsequently filed their briefs, as well as supporting documents. (*See* Docs. 40–44.)

  When a district court resolves a disagreement about the priority date to which a patent is entitled, it often does so as part of a motion for summary judgment. *See, e.g.*, *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1567, 1571 (Fed. Cir. 1997) (analyzing appeal from order granting summary judgment to defendant based on a priority date ruling); *Chizmar v. ACCO Brands Corp.*, No. 14–cv–2181 (PKC), 2015 WL 2408818, at *1 (S.D.N.Y. May 8, 2015), *aff'd*, 636 F. App'x 803 (Fed. Cir. 2016); *Carotek, Inc. v. Kobayashi Ventures, LLC*, 875 F. Supp. 2d 313, 334–36 (S.D.N.Y. 2012). Although I believe that the parties have presented sufficient materials

for me to resolve the priority date issue in this case, I wish to ensure that the parties agree with me that they have been afforded sufficient process. Accordingly, it is hereby

ORDERED that by May 19, 2022, the parties shall file a joint letter informing me as to whether they would object to my construing their briefings as raising issues to be resolved under the summary judgment standard, as well as whether either party believes it should be allowed to file further materials, including Rule 56.1 statements, before I resolve the priority date issue raised by their papers.

SO ORDERED.

Dated: May 17, 2022
New York, New York

Vernon S. Broderick
United States District Judge