UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
                                                        :

POP TOP CORP.,                                 :

                                  :

                         Plaintiff,     :                    20-CV-6598 (VSB)

                                  :

                -against-        :       **OPINION & ORDER**

                                  :

NOOK DIGITAL, LLC,                    :

                                  :

                       Defendant.   :

                                  :
---------------------------------------------------------X

<u>Appearances</u>:

Matthew M. Wawrzyn
Wawrzyn LLC
Chicago, Illinois
*Counsel for Plaintiff*

Dana Erin Berkowitz
Elizabeth Brannen
Stris & Maher LLP
Gardena, California
*Counsel for Defendant*

<u>VERNON S. BRODERICK, United States District Judge</u>:

       Before me is a motion brought by Plaintiff Pop Top Corp. ("Pop Top" or "Plaintiff")

seeking a ruling that the patent in issue is entitled to a priority date of June 22, 2006, based on an

earlier-filed provisional patent application.  Because Pop Top has not made the necessary

showings to claim an earlier priority date, Pop Top's motion is DENIED.

## I.     **Relevant Factual Background**

       Both this motion and Pop Top's remaining claim in this action concern U.S. Patent No.

10,866,713 (the "'713 Patent.")  (*See* Wawrzyn Decl. ¶ 2; Brannen Decl. ¶ 1.)[1]  (*See also* Jan.

---

[1] "Wawrzyn Decl." refers to the Declaration of Matthew M. Wawrzyn filed in support of Pop Top's Memorandum

'22 O&O.)[2]  The '713 Patent was issued on December 15, 2020, based on an application filed

with the United States Patent and Trademark Office (the "PTO") on March 14, 2019.  (Wawrzyn

Decl. Ex. 7, at POPTOP083.)  Prior to this, on June 21, 2007, inventor Rohit Chandra filed an

application for a patent with the PTO (the "2007 Application").  (*Id.* Ex. 6, at POPTOP057.)  The

2007 Application eventually resulted in the issuance of U.S. Patent No. 8,910,060 (the "'060

Patent") on December 9, 2014.  (*Id.*)  It is undisputed that the Nook e-reader device created and

sold by Nook Digital had highlighting functionality since at least as early as 2010.  (*See*

Wawrzyn Decl. Ex. 1, at 3 & n.2; Brannen Decl. Exs. A–G; *see also* Brannen Decl. Ex. H

(Kindle e-reader's 2007 user guide speaking to highlighting capabilities)).

The '713 Patent states that it is a "[c]ontinuation-in-part of" an application that resulted in

U.S. Patent No. 10,289,294, which in turn was "a continuation-in-part of" an application that

resulted in U.S. Patent No. 9,292,617, which in turn was "a continuation-in-part of" the 2007

Application that resulted in the '060 Patent.  (Wawrzyn Decl. Ex. 7, at POPTOP083.)  The 2007

Application in turn "claimed the benefit of U.S. Provisional Patent Application with Ser. No.

60/815,467 filed on Jun. 22, 2006" (the "2006 Provisional").  (Wawrzyn Decl. Ex. 7, at

POPTOP083, POPTOP099.)

The 2006 Provisional describes its "inventions" as a "web-based tool" that, among other

things, "allows [a user] to invoke [the highlighting tool] from anywhere, using any computer

connected to the Internet, at any time."  (Brannen Decl. Ex. J, at 4–5.)

---

of Law in Support of Its Motion for an Order Holding 22 June 2006 as the Priority Date for the '713 Patent, and the
exhibits thereto.  (Doc. 41-1.)  "Brannen Decl." refers to the Declaration of Elizabeth Brannen in Support of Nook
Digital's Opposition to Pop Top's Motion, and the exhibits thereto.  (Doc. 44.)

[2] "Jan. '22 O&O" refers to my January 21, 2022 Opinion & Order granting Nook Digital's motion for judgment on
the pleadings as to one of Pop Top's two asserted claims for patent infringement.  (Doc. 37.)  The result of the Jan.
'22 O&O is that Pop Top's only remaining claim concerns the '713 Patent.  (*See id.*)

The 2007 Application claims the benefit of the 2006 Provisional and states that it is for "[a] method and apparatus enabling a user to selectively make one or more highlights in a currently displayed internet document in a web browser."  (Wawrzyn Decl. Ex. 6, at POPTOP073.)

On March 18, 2011, the PTO rejected the 2007 Application on the grounds that one of its claims "fail[ed] to comply with the enablement requirement" for obtaining a patent as set forth by 35 U.S.C. § 112.  (Wawrzyn Decl. Ex. 2, at POPTOP010–12.)  Subsequently, on September 17, 2014, the PTO allowed an amendment to the 2007 Application that revised certain of the claims within it.  (Wawrzyn Decl. Ex. 4.)

The '060 Patent, which resulted from the 2007 Application and the subsequent amendment, is for "[a] method and system for enabling a user to selectively make . . . highlights . . . on one or more documents in a currently displayed internet document in a web browser." (Wawrzyn Decl. Ex. 6, at POPTOP057.)  The '060 Patent comprises four claims.  (*Id.*)  The first of these claims is

> A computer-implemented method, comprising:  at a highlighting server hosting a highlighting service, receiving a request from a client web browser for an internet document hosted at a content server, the request, directed to the highlighting server, including a content server address for the internal document, the highlighting service providing a highlighting web portal includes a text entry box for receiving the request; the highlighting server extracting the content server address for the internet document form the request sent by the client web browser; the highlighting server thereafter relaying the internet document to the client web browser along with executable highlighting code; and, the highlighting server, responsive to a query from the executable highlighting code, processing the query to determine whether a uniform resource locator (URL) of the internet document is associated with any previously selected content portions, thereby determining whether or not the internet document has previously had portions of content selected by a user, and, if so, determining whether a current user viewing the internet document has configured highlight filtering mechanism to display any of the previously generated user highlights, and, if so, communicating one or more highlights to the executable highlighting code so as to enable the internet document to display selected content portions within the internet document according to user configurable settings of the

highlight filtering mechanism; prior to relaying the internet document to the client web browser, forwarding the request to the content server and, in turn, receiving the internet document from the content server, and, modifying one or more object references included in the internet document so that a subsequent request for an object associated with the one or more object references is directed to the highlighting server.

(*Id.* at POPTOP081.)

The '713 Patent is for "[a] method, apparatus, and system for enabling a user to selectively make one or more highlights in a currently displayed document on a mobile, handheld, eBook reader, or similar device."  (Wawrzyn Decl. Ex. 7, at POPTOP099–100.)  The first claim in the '713 patent is

A personal digital device with an in-built memory, the device comprising: executable software stored in the in-built memory of the device, the software operative with a processor of the device, without requiring the user to install any additional software components, the software enabling the portable electronic device to display a document on a screen of the device, wherein the document was retrieved from a content server on the Internet, wherein the document was caused to be displayed on the screen of the device by utilizing at least a portion of the software, wherein the software is configured to provide a highlighting service to enable the user to create a highlight on at least one object of the document, wherein the highlighting service is visually invoked by a user initiated action, wherein the software and/or the highlighting service is further configured to store the highlight, or a reference to the highlight, or a set of data associated with the highlight, created by the user in a storage connected to the Internet along with a unique reference to the user who created the highlight, and a unique reference to the document that the highlight was created on, and wherein, upon being invoked, the software and/or the highlighting service is furthermore configured to automatically retrieve at least one of a previously stored: (i) a highlight, (ii) a reference to a highlight, or (iii) a set of data associated with a highlight.

(*Id.* at POPTOP107.)

## II.   <u>Relevant Procedural History</u>

Pop Top commenced this action on August 18, 2020, by filing a complaint asserting a single count of infringement of U.S. Patent No. 7,966,623 (the "'623 Patent") against BarnesandNoble.com LLC.  (Doc. 1.)  On March 5, 2021, Pop Top filed its Amended Complaint

against Nook Digital, in which it asserts two counts of patent infringement:  one concerning the '623 Patent, and the other concerning '713 Patent.  (Doc. 22.)

On April 2, 2021, Nook Digital filed an answer, a motion for judgment on the pleadings as to Pop Top's claim of infringement over the '623 Patent, and papers in support of that motion. (Docs. 28–31.)  On April 16, 2021, Pop Top filed a brief in opposition to Nook Digital's motion. (Doc. 32.)  On April 23, 2021, Nook Digital filed its reply brief.  (Doc. 33.)

On January 21, 2022, I issued an Opinion & Order granting Nook Digital's motion for judgment on the pleadings with regard to the '623 Patent and dismissed the infringement claim premised on the '623 Patent.  (Doc. 37 ("Jan. '22 Opinion").)  This left Pop Top only with one claim of infringement based on the '713 Patent.

On February 17, 2022, the parties filed a joint letter motion seeking leave to file briefs regarding the priority date to which the '713 Patent is entitled.  (Doc. 38.)  I granted their application on February 18, 2022.  (Doc. 39.)

On March 18, 2022, Pop Top filed the instant motion requesting that I enter an order holding that the '713 Patent's claims are entitled to a priority date of June 22, 2006.  (Doc. 40.) Pop Top supported its motion with a memorandum of law to which it attached an attorney declaration and approximately 121-pages of exhibits as supporting evidence.  (Doc. 41; Doc. 41-1.)  On April 15, 2022, Nook Digital filed a brief in opposition, (Doc. 43), and a supporting declaration with exhibits, (Doc. 44).

On May 17, 2022, I entered an order asking the parties whether it would be proper for me to resolve this motion under the summary judgment standard, or whether some other standard should apply to my assessment of the priority date issue.  (Doc. 45.)  In response, on May 19, 2022, the parties filed a joint letter requesting that each be allowed a further five-page brief.

(Doc. 46.)  I granted this request that same day.  (Doc. 47.)  Pop Top filed its supplemental brief on June 2, 2022, (Doc. 48), and Nook Digital filed its supplemental brief on June 16, 2022, (Doc. 50).

### III.    Legal Standard

At the outset, despite my Order asking the parties what legal standard applies, (Doc. 45), the parties fail to address what legal standard governs Pop Top's motion.  In fact, neither party uses the word standard in their supplemental submissions.  However, distinguishing between legal standards would be academic here, since there are no disputes as to the relevant facts.  The parties' arguments are almost entirely made based on publicly-available documents, and no party disputes the authenticity or admissibility of any of the documents that make up the record before me.  Accordingly, I will interpret Pop Top's motion as one seeking a determination on a matter of law based on the agreed upon facts.[3]

### IV.    Discussion

If an "alleged infringer" seeks to prove invalidity of a patentee's patent based on "prior art [that] anticipate[s] the claims being asserted," the alleged infringer will seek to introduce evidence of "prior art that is dated earlier than the apparent effective date of the asserted patent." *See Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1329 (Fed Cir. 2008).  If the alleged infringer meets his burden of demonstrating a basis of invalidity, then "the patentee has the burden going forward with evidence and argument to the contrary," *id.*, which the patentee may meet by showing an "entitle[ment] to the priority date of a parent application" that predates the prior art, *see PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1304 (Fed Cir. 2008).

---

[3] If anything, Pop Top's motion may be akin to a motion in limine, since it is seeking disposition on how it may present the priority date to which the '713 Patent is entitled as this case proceeds.  *See In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 517 F. Supp. 2d 662, 666 (S.D.N.Y. 2007) (construing a motion about "whether plaintiffs should be allowed to seek [a] remedy" as a "motion in limine").

Here, there is no motion raising invalidity.  Instead, Pop Top filed a motion seeking "an order holding that each claim of the '713 Patent is entitled to a 2006 June 22 priority date."  (PT Mem. 5.)[4]  I thus begin by reviewing the law applicable to determining whether a patentee is entitled to an earlier-in-time priority date.

### A.    *Applicable Law*

"To obtain the benefit of the filing date of a parent application, the claims of the later-filed application must be supported by the written description in the parent."  *Anascape, Ltd. v. Nintendo of Am. Inc.*, 601 F.3d 1333, 1335 (Fed. Cir. 2010); *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1571–72 (Fed. Cir. 1997) ("Entitlement to a filing date does not extend to subject matter which is not disclosed, but would be obvious over what is expressly disclosed.  It extends only to that which is disclosed.").

Under 35 U.S.C. § 112, the "specification shall contain a written description of the invention."  To satisfy the written description requirement of § 112(a), "the description must clearly allow persons of ordinary skill in the art to recognize that the inventor invented what is claimed."  *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc) (internal quotation marks and alterations omitted).  Thus, "'the test for sufficiency' of a patent's written description 'is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date.'"  *Centrak, Inc. v. Sonitor Techs., Inc.*, 915 F.3d 1360, 1365 (Fed. Cir. 2019) (quoting *Ariad Pharms.*, 598 F.3d at 1351).  This requires "an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art."  *Ariad*

---

[4] "PT Mem." refers to Pop Top's Memorandum of Law in Support of Plaintiff's Motion for an Order Holding 22 June 2006 as the Priority Date of U.S. Patent No. 10,866,713.  (Doc. 41.)

*Pharms.*, 598 F.3d at 1531.

"'Compliance with the written description requirement is a question of fact[,] but is amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the non-moving party.'" *ScriptPro LLC v. Innovation Assocs., Inc.*, 833 F.3d 1336, 1340 (Fed. Cir. 2016) (quoting *PowerOasis*, 522 F.3d at 1307).

In *PowerOasis,* the Federal Circuit considered a continuation-in-part ("CIP") application that claimed priority to an earlier filed application. 522 F.3d at 1304. The matter arose where a defendant had claimed patent invalidity based on prior art—the Federal Circuit found that the patentee "ha[d] conceded that unless the asserted claims are accorded an *earlier* filing date than [its] 2000 CIP Application," then the patent at issue would be invalid. *Id.* at 1305. The patentee contended that "the party asserting invalidity" of a patent "must always bear the burden of proof as to whether claims in a patent are entitled to the priority date of a parent application." *Id.* at 1304. The Federal Circuit rejected the patentee's argument and found that the burden properly lay with the patentee to establish its entitlement to an earlier priority date, because

> the PTO did not, at any point, make any determination with regard to the priority date of the various claims of the asserted patents. There was no interference in this case related to the asserted patents or the 2000 CIP Application that awarded PowerOasis the benefit of priority for its Original Application nor was there any determination of priority during prosecution incident to a rejection. . . . In fact, in this case the PTO did not make a determination regarding the priority date for the asserted claims with respect to *any* reference.

*Id. PowerOasis* then went on to "affirm[] [a] district court's grant of summary judgment in favor of defendants, concluding that two [CIP] applications were not entitled to the benefit of the filing date of the original application." *Combined Tactical Sys. Inc. v. Def. Tech. Corp. of Am.*, 589 F. Supp. 2d 260, 266 (S.D.N.Y. 2008) (citing *PowerOasis*, 522 F.3d at 1311), *aff'd*, 402 F. App'x 520 (Fed. Cir. 2010). "The written description of the parent application disclosed a 'customer

interface' on [a] vending machine," whereas "[t]he continuation-in-part applications claimed a customer interface located remotely from the vending machine, such as on a customer's laptop." *Id.* (citing *PowerOasis*, 522 F.3d at 1310).  The Federal Circuit held that even if it were "obvious to substitute a customer laptop for a user interface disclosed on a vending machine[,] [o]bviousness simply is not enough[;] [t]he subject matter must be disclosed to establish possession."  *Id*. (citing *PowerOasis*, 522 F.3d at 1310).

## B.     *Application*

*PowerOasis* controls here for several reasons.  First, the *PowerOasis* analysis applies because there is no indication that "the PTO" ever "ma[de] a determination regarding the priority date" for anything to do with the various patents and applications that Pop Top raises. *PowerOasis*, 522 F.3d at 1304.  Accordingly, I "correctly place[] the burden on [PopTop] to come forward with evidence to prove entitlement to claim priority to an earlier filing date" than the date stated in the '713 Patent. *Id.* at 1305–06.

Second, Pop Top has not even attempted to carry its burden of claiming an earlier filing date.  Pop Top wants the '713 Patent to have the priority date evidenced by the 2006 Provisional, but the 2006 Provisional is part of a chain with three other CIP applications.  "To gain the benefit of the filing date of an earlier application under 35 U.S.C. § 120, each application in the chain leading back to the earlier application must comply with the written description requirement of 35 U.S.C. § 112."  *Hollmer v. Harari*, 681 F.3d 1351, 1355 (Fed. Cir. 2012) (citation omitted); *Videotek*, 545 F.3d at 1326 ("in a chain of continuing applications, a claim in a later application receives the benefit of the filing date of an earlier application so long as the disclosure in the earlier application meets the requirements of 35 U.S.C. § 112, ¶ 1, including the written description requirement, with respect to that claim.").  Pop Top fails to present any

analysis regarding the various other CIP applications.  It thus has not carried its burden.

Third, even if Pop Top did not have the burden across the chain of CIP applications in question, Pop Top still could not claim the priority date it seeks because it has not presented any materials suggesting that the 2006 Provisional "disclosed to one skilled in the art" a highlighting functionality on an e-reader.  *Cf. PowerOasis*, 522 F.3d at 1310.  The 2006 Provisional only speaks to a "web-based tool" that can be used to allow for highlighting in a web document, which could be "use[d] from any computer connected to the Internet, at any time."  (Brannen Decl. Ex. J, at 4–5.)  The '060 Patent itself is for "[a] method and system for enabling a user to selectively make . . . highlights . . . on one or more objects in a currently displayed internet document in a web browser."  (Wawrzyn Decl. Ex. 6, at POPTOP057.)  By contrast, the '713 Patent is about making "highlights in a currently displayed document on a mobile, handheld, eBook reader, or similar device."  (Wawrzyn Decl. Ex. 7, at POPTOP099–100.)  Pop Top does not even argue that one could "substitute a[n] [e-reader]" or other device "for the [web browser-based highlighting system] disclosed" in the '060 Patent; even if it did, this "simply [would not be] enough," as "the subject matter must be disclosed."  *Cf. PowerOasis*, 522 F.3d at 1310. Instead, it argues that it "never added 'new matter'" since the 2006 Provisional.  (PT Reply 2.)[5] However, this is plainly incorrect:  the '713 Patent—and the application underlying it—mentions devices never disclosed in the 2006 Provisional.

In addition, each party raises and discusses the issue of "new matter" in their submissions, including in their supplemental submissions, (*see* PT Reply 1; *see also* ND Reply 1);[6] that is, whether the patent-in-suit was based on an application that continued from a prior

---

[5] "PT Reply" refers to Pop Top's Reply Memorandum of Law in Support of Plaintiff's Motion for an Order Holding 22 June 2006 as the Priority Date of U.S. Patent No. 10,866,713.  (Doc. 48.)

[6] "ND Reply" refers to Nook Digital's Reply Memorandum of Law in Opposition to Pop Top's Motion to Set

application, and the patentee introduced "new matter" in the later application.  (*Id.*)  Pop Top responds to Nook Digital's citation of cases where a patent's validity was determined in part by the existence of "new matter", and argues that those cases do not apply here, "[b]ecause Pop Top declined to introduce 'new matter,' [and Nook Digital therefore] assumes the burden of showing by clear-and-convincing evidence that the '713 Patent is invalid."  (PT Reply 1.)  Nook Digital counters by arguing that the '713 Patent does contain new matter, "as the applicant recognized by filing the application as a continuation-in-part, not a continuation."  (ND Reply 3.).  Here, I find that Nook Digital has the better argument.  *See University of West Virginia Board of Trustees v. Vanvoorhies*, 278 F.3d 1288, 1297 (Fed. Cir. 2002) ("A continuation-in-part application is just what its name implies.  It partly continues subject matter disclosed in a prior application, but it adds new subject matter not disclosed in the prior application.  Thus, some subject matter of a CIP application is necessarily different from the original subject matter.")  As noted *supra*, the '713 Patent states that it is a "[c]ontinuation-in-part of" an application that resulted in U.S. Patent No. 10,289,294, which in turn was "a continuation-in-part" of an application that resulted in U.S. Patent No. 9,292,617, which in turn was "a continuation-in-part" of the 2007 Application that resulted in the '060 Patent.  (Wawrzyn Decl. Ex. 7, at POPTOP083.)  Therefore, Pop Top's argument that it "declined to introduce 'new matter'" is not accurate and fails.  (PT Reply 1.)

In this regard, another case from this District is instructive.  In *Combined Tactical*, Judge Miriam Goldman Cedarbaum held that a patentee was not entitled to an earlier priority date where a "grandparent" patent—which was for a type of shotgun ammunition filled with "lead shot"—and the last-in-time patent was for a similar ammunition filled with "rubber pellets."

Priority Date.  (Doc. 50.)

*Combined Tactical*, 589 F. Supp. 2d at 269 ("It may be obvious that lead shot could be replaced with rubber pellets or other ballast, but that is not enough." (citing *Lockwood*, 107 F.3d at 1572)).  Here, the differences between the various links in the chain of CIP applications are far too great to say that the subject matter of the '713 Patent had been disclosed as far back as the 2006 Provisional.  Indeed, it is clear that the '060 Patent does not disclose the necessary subject matter.  In the '713 Patent, the first claim describes a "device with . . . software" already "stored in the in-built memory of the device" that has been "configured to provide a highlighting service."  (Wawrzyn Decl. Ex. 7, at POPTOP107.)  By contrast, the '060 Patent describes "executable highlighting code" that has to be "relay[ed] . . . to the client web browser" that runs on a computer being used to browse the internet.  (Wawrzyn Decl. Ex. 6, at POPTOP057.)[7]

## V.    Conclusion

For the foregoing reasons, Pop Top's motion is DENIED.  I make no further determinations at this time.  Accordingly, within 14 days of this Opinion & Order, the parties must file a joint letter with regard to the next steps in this action.

The Clerk of Court is respectfully directed to terminate the open motion at docket entry 40.

SO ORDERED.

Dated:  June 18, 2024
        New York, New York

Vernon S. Broderick
United States District Judge

---

[7] Nook Digital's papers contain a much more thorough account of the various "apples-to-oranges" differences between what is disclosed in the 2007 Application and the '713 Patent.  (*See* Doc. 50, at 5–6.)